IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,832-02






EX PARTE JEDIDIAH ISAAC MURPHY








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. W00-02424-M(B) IN THE 194TH JUDICIAL DISTRICT COURT

DALLAS COUNTY






 Per curiam. 

 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In June 2001, Applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted pursuant to Article 37.071, Tex. Code Crim. Proc.,
and the trial court, accordingly, set punishment at death. This Court affirmed Applicant's
conviction and sentence on direct appeal. Murphy v. State, 112 S.W.3d 592 (Tex. Crim. App.
2003). This Court denied relief on Applicant's initial post-conviction application for writ
of habeas corpus. Ex parte Murphy, No. WR-70,832-01 (Tex. Crim. App. March 25,
2009)(not designated for publication). Applicant later filed this subsequent application. This
Court dismissed the second and third claims in Applicant's subsequent writ application
pursuant to Article 11.071, § 5 of the Texas Code of Criminal Procedure. Ex parte Murphy,
No. WR-70,832-02 (Tex. Crim. App. October 6, 2010)(not designated for publication). This
Court remanded Applicant's subsequent writ application to the trial court only with regard
to the first claim in which Applicant alleged that the State suppressed evidence and presented
false testimony. Id. This Court ordered the trial court to make findings of fact and
conclusions of law regarding whether or not the factual basis of the first claim was
ascertainable through the exercise of reasonable diligence on or before the date the initial
application was filed. Id. If the trial court determined that the factual basis of the claim was
not ascertainable through the exercise of reasonable diligence on or before the date the initial
application was filed, then this Court directed the trial court to determine the merits of the
claim. Id.

 Following remand, the trial court held a hearing in February 2011. Following the
hearing, the State filed proposed findings and conclusions recommending that the claim be
either dismissed or denied. The trial court signed an order adopting the State's proposed
findings and conclusions on May 10, 2011. Applicant filed proposed findings and
conclusions recommending that Applicant receive a new trial on punishment. The trial court
signed an order recommending a new trial on punishment on May 12, 2011. Because the trial
court has signed two conflicting orders, we again remand the application for the trial court
to clarify whether it intends to recommend that the claim be dismissed, whether it intends to
recommend that the claim be denied, or whether it intends to recommend that relief be
granted. The trial court shall resolve the issues presented within 15 days of the date of this
order. A supplemental transcript containing the trial court's findings of fact and conclusions
of law shall be returned to this Court within 30 days of the date of this order. 

 IT IS SO ORDERED THIS THE 23RD DAY OF NOVEMBER, 2011.

Do Not Publish